UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD G. TAYLOR,

                              Plaintiff,

            -against-

ENTERPRISE HOLDING GROUP, LLC,

                              Defendant.

20-CV-6793 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant discriminated against him and committed other misconduct. By order dated August 31, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff sets forth the following allegations. In August 2019, Plaintiff rented, leased, or

was otherwise "lawfully given possession" of a 2019 Jeep Grand Cherokee through Enterprise.

On October 17, 2019, an Enterprise employee telephoned Plaintiff and informed him that the

vehicle had been involved in an accident. Plaintiff disavowed any knowledge of that incident, but

the employee stated that he had "personally [gone] to the garage that housed the vehicle in

question and spoke with the supervising garage attendant therein and it was concluded that 'you

did it.'" (ECF 2 ¶¶ 9-12.) The complaint continues:

> Plaintiff surmised by equating that the meeting . . . was by and between some
> "good old boys" who clearly conspired to conceal and cover-up the truth by
> targeting the Plaintiff Ronald G. Taylor for so-called damages to the vehicle in

question; in addition, Plaintiff clearly stated to the Defendant electronically which
it never refuted are you saying that the word of a white man has trumps [sic] the
word of a black man who has a lengthy business relationship which spans years
with Enterprise and based on that alone my credibility should not be an issue as
on solely that I should be deemed trustworthy.

(*Id.* ¶ 13.)

During an October 31, 2019 telephone conversation, Alexander Pope, an Enterprise

employee in Missouri, demanded that Plaintiff pay $1,000 "to satisfy" the "claim," and "made it

clear" that if Plaintiff did not pay the money it would "sever the relationship" with Plaintiff and

"impede the ability of the Plaintiff establishing a relationship with any other rent a car company

and also turn this matter over to an agency to enforce collection." (*Id.* ¶¶ 14, 15(d).) Plaintiff

conducted a "limited investigation," but was not permitted to inspect the vehicle," or view

videotape of the incident "which contained exculpatory evidence." (*Id.* ¶ 15.)

Plaintiff asserts claims of extortion under 18 U.S.C. § 875(d); "harassment or abuse"

under 15 U.S.C. § 1692d(3); and discrimination under 22 U.S.C. § 2755. Plaintiff seeks

declaratory relief and $100,000 in damages. Plaintiff resides in Manhattan. He does not provide

an address for Defendant Enterprise Holding Group, LLC.

## DISCUSSION

### A.     Federal Question Jurisdiction

Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, but the facts

alleged do not give rise to claims under the federal statutes cited in the complaint.

#### 1.     Fair Debt Collection Practices Act

Plaintiff alleges that Defendant harassed and abused him in violation of the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692. The FDCPA applies to consumer debt

"arising out of . . . transaction[s]" that "are primarily for personal, family, or household

purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547,

551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e.

A debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector.[1] Creditors are generally not considered "debt collectors"[2] under the FDCPA. *See Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 254 (S.D.N.Y. 2008) (dismissing FDCPA claims against bank mortgagee because they were not a 'debt collector' since "the [FDCPA] is quite clear that it is directed at independent debt collectors and not creditors attempting to collect on their own debts") (citation omitted), *aff'd*, 360 F. App'x 255 (2d Cir. 2010).

Here, Plaintiff alleges that an Enterprise employee "harassed" and "abused" him for a $1,000 payment. Plaintiff asserts that he is not responsible for the damage to the vehicle, and therefore not liable for the $1,000 payment, and he also claims that he was prevented from investigating the incident. These facts do not give rise to an FDCPA claim. The Court will assume for the purposes of this order that the Enterprise employee acted in a deceptive or misleading manner. But the Enterprise employee does not qualify as a debt collector under the FDCPA; instead, he was speaking as a creditor. Although Plaintiff alleges that the Enterprise

---

[1] *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

[2] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

employee threatened to turn the matter over to a collection agency, the complaint does not

suggest that that has yet occurred.

For these reasons, it does not appear that Plaintiff can state a claim under the FDCPA.

2.      Extortion

Plaintiff alleges that Defendant engaged in extortion, and he cites to a federal criminal

statute, 18 U.S.C. 875(d). A private citizen, however, cannot prosecute a criminal action in

federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to

seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A]

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another.").

Additionally, under both state and federal law, extortion and attempted extortion are

criminal offenses that do not imply a private right of action. *See* N.Y. Penal Law § 155.05[2][e];

§ 110.00; *Minnelli v. Soumayah*, 839 N.Y.S.2d 727, 728 (1st Dep't 2007); *Walia v. Veritas*

*Healthcare Solutions, L.L.C.*, 13-CV-6935 (KPF) 2015 WL 4743542, at *2 (S.D.N.Y. Aug. 11,

2015); *Naples v. Stefanelli,* 972 F. Supp. 2d 373, 401 (E.D.N.Y. 2013) (Dismissing with prejudice

Plaintiff's extortion claims because under New York law, extortion "is a criminal offense, and

may not be pled as a separate cause of action in a civil case."); *Mathon v. Feldstein*, 303 F. Supp.

2d 317, 325 (E.D.N.Y. 2004) (holding that "extortion is a federal crime ... [and] there is no

federal statute creating a private civil cause of action for extortion.").

Accordingly, Plaintiff's extortion claim does not give rise to a civil cause of action falling

within this Court's subject matter jurisdiction.

3.      Discrimination

Plaintiff alleges that Defendant discriminated against him, in violation of 22 U.S.C.

§ 2755. That statute prohibits discrimination in the "furnishing of defense articles or defense

services" on the basis of race, religion, national origin, or sex, *see* 22 U.S.C. 2755(a), and bears no relevance to the facts alleged.

The Court construes the complaint as asserting a discrimination claim under 42 U.S.C. § 1981, which provides that all individuals "have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." § 1981(a).

To state a claim under § 1981, a plaintiff must allege three elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 1 F.3d 1085, 1087 (2d Cir. 1993) (per curiam). In the context of retail shopping, courts have held that the "contracts" clause and the "equal benefit of all laws and proceedings" clause applies. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (holding that a plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.").

The complaint does not contain sufficient facts to state a discrimination claim under § 1981. According to Plaintiff, an Enterprise employee did not "refute" Plaintiff's assertion, apparently made in an email, that Enterprise was accepting the word "of a white man" over Plaintiff's. These facts alone do not give rise to an inference that Defendant intended to discriminate against Plaintiff on the basis of a protected characteristic. The Court grants Plaintiff leave to submit an amended complaint to provide any other available facts in support of a claim under § 1981.

**B.      Diversity Jurisdiction**

Plaintiff does not explicitly assert any state law claims, and it is not clear whether this Court would have diversity jurisdiction over this matter. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

"An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). For the purposes of diversity jurisdiction, a corporation is a citizen of the state where it has its principal place of business and the state where it is incorporated. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The citizenship of a limited liability company ("LLC") depends upon the citizenship of its members. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000).

Here, Plaintiff alleges that he is a citizen of New York. He does not plead any facts about the members of Enterprise Holding Group LLC, or the citizenship of each of such members. It is thus not clear that complete diversity of citizenship exists. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction).

It is also not clear that the amount in controversy exceeds $75,000.00. There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not

required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)); *Adams v. Netflix HQ*, No. 17-CV-1468, 2017 WL 6618682, at *2 (D. Conn. Sept. 18, 2017) ("The complaint . . . 'must allege facts in a non-conclusory manner that plausibly establish grounds for relief.'" (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016)).

Here, Plaintiff alleges that Defendant is wrongfully demanding $1,000 from him, and he does not provide facts suggesting that the amount in controversy in this action exceeds $75,000.00. Rather, the amount Plaintiff specifies — $100,000 — likely includes potential compensatory and punitive damages, and appears to be entirely speculative.[3] Without facts to support this assertion, the Court cannot presume that the claim is in excess of $75,000.

Should Plaintiff file an amended complaint, he may present any additional facts showing that the Court has diversity jurisdiction over this matter.

## C.      Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

---

[3] Although punitive damages are considered when calculating the amount in controversy, if punitive damages are not recoverable under New York law on the claim for which they are sought, then the amount should not be included in the calculation. *See Fairman v. Hurley*, 373 F. Supp. 2d 227, 234–35 (W.D.N.Y. 2005) (citing 15 Moore's Federal Practice § 102.106[4]).

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because it is not clear that

Plaintiff can state a claim over which the Court has original jurisdiction, the Court will determine

at a later stage whether or not to exercise its supplemental jurisdiction over any state-law claims.

*See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of

§ 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the

circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l

Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 20-CV-6793 (LLS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to electronic service of court documents. (ECF No. 3.)

SO ORDERED.

Dated:   September 17, 2020
         New York, New York

_____
         Louis L. Stanton
         U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                  Zip Code

_____

Telephone Number                          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3:  _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4: _____

                   First Name                   Last Name

                   _____

                   Current Job Title (or other identifying information)

                   _____

                   Current Work Address (or other address where defendant may be served)

                   _____

                   County, City                   State                   Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.