UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD G. TAYLOR,

                        Plaintiff,

            -against-

ENTERPRISE HOLDING GROUP, LLC T/A
ENTERPRISE CAR SHARE,

                        Defendant.

20-CV-6793 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint under the Court's federal question jurisdiction, alleging that Defendant violated his rights. By order dated September 18, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on November 4, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

Plaintiff, a Manhattan resident, alleges in his original complaint that in 2019, he rented a Jeep Grand Cherokee through Enterprise. Enterprise blamed Plaintiff for damage to the vehicle for which he was not responsible. Plaintiff said that he had not been involved in the incident that damaged the car, but an Enterprise employee claimed to have "personally [gone] to the garage that housed the vehicle in question and spoke with the supervising garage attendant therein and it was concluded that 'you did it.'" (ECF 2 ¶¶ 9-12.) Enterprise failed to "refute" Plaintiff's assertion that it was accepting "the word of a white man" over Plaintiff, "a black man," even though he had "a lengthy business relationship" with Enterprise and had demonstrated that he was credible and trustworthy. Enterprise demanded that Plaintiff pay $1,000 to settle the claim or it would sever the relationship, which would "impede" Plaintiff's ability to rent cars from other

companies. Moreover, Plaintiff was not permitted to conduct his own investigation into what had happened to the car. Plaintiff asserts claims of extortion under 18 U.S.C. § 875(d), discrimination under 22 U.S.C. § 2755, and harassment and improper debt collection practices under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(5).

In the order to amend, the Court held that: (1) Plaintiff had failed to state a claim under the FDCPA because Enterprise, in seeking to collect a debt on its own behalf, is not a debt collector under the statute; (2) Plaintiff could not assert a clam of extortion under 18 U.S.C. § 875(d), a federal criminal statute; and (3) Plaintiff's allegations did not give rise to a claim under 22 U.S.C. § 2755, which prohibits racial discrimination in the "furnishing of defense articles or defense services." *Id.* The Court also construed the complaint to assert a claim under 42 U.S.C. § 1981, but determined that Enterprise's failure to disavow Plaintiff's assertion of race discrimination, without more, did not give rise to a viable claim under § 1981. The Court also considered whether Plaintiff's claim could be construed as asserting state law claims under its diversity jurisdiction, 28 U.S.C. § 1332, but held that the complaint did not allege facts about the domiciles of Enterprise LLC's members, and provided no facts indicating to a "reasonable probability" that his claim exceeded the sum or value of $75,000.00. The Court granted Plaintiff leave to amend his complaint to address these issues. (ECF 5.)

The amended complaint, in which Plaintiff again seeks to proceed solely under the Court's federal question jurisdiction, contains substantially similar allegations to those set forth in the original pleading. (ECF 6 ¶ 1.) Plaintiff asserts a harassment claim under the FDCPA and a discrimination claim under § 1981, and he seeks $100,000 in punitive damages. The amended

complaint does not explicitly invoke the Court's diversity jurisdiction or assert state law claims, and it does not contain facts regarding the domicile of the parties.[1]

## DISCUSSION

The amended complaint is dismissed for the same reasons set forth in the September 18, 2020 order, which concluded that the original complaint failed to state a claim on which relief could be granted. (ECF 5.) In short, the amended complaint does not contain any additional facts giving rise to a claim under the FDCPA, § 1981, or any other federal law, and there is no suggestion that the Court would have diversity jurisdiction over this matter.

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

---

[1] The amended complaint lists an address for a registered agent of Defendant in Jericho, New York. (ECF 6 at 8.)

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint gives no indication that the defects can be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:  December 9, 2020
        New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.